IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| DMIKA S. CHANEY, ) | |
| ) | |
| ) | CIVIL ACTION NO: |
| Plaintiff, ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| THE CITY OF NORFOLK, VIRGINIA ) | |
| ) | |
| Serve: City Attorney ) | |
| 810 Union Street, Suite 900 ) | |
| Norfolk, VA 23510 ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, Dmika S. Chaney ("Chaney" or "Plaintiff"), by counsel, for her Complaint against Defendant, The City of Norfolk (the "City" or "Norfolk" or "Defendant"), alleges as follows:

## THE PARTIES

1. Plaintiff Chaney is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Norfolk, Virginia.

2. Defendant the City of Norfolk is a body politic and corporation created and existing under the laws of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331. Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.     Prior to instituting this suit, Chaney timely filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on March 2, 2020.  A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "A."  Plaintiff's Charge of Discrimination specifically claims "sex" based discrimination and "retaliation" in violation of Title VII of the Civil Rights Act of 1964.

5.     The EEOC failed to resolve the claim and issued a right-to-sue letter dated January 11, 2021.  A true and correct copy of the right-to-sue letter is attached to this complaint and incorporated by reference as Exhibit "B."  Whitley received the EEOC's right-to-sue letter on January 14, 2021. Plaintiff has filed her complaint within 90 days from the date she received his notice authorizing the right to bring this action.

## STATEMENT OF FACTS

6.     Plaintiff Chaney is a 44-year-old Black female.

7.     Chaney began employment on September 13, 2005, as a Parking Attendant.

8.     During her nearly fifteen years of employment with the City, Chaney maintained a stellar record of satisfactory or better performance.  Chaney was never formally chastised or disciplined – until she complained of sexual harassment and physical molestation by her department manager, Theodore White ("White").

9.     On or about October 11, 2019, Chaney reported to work per usual at approximately 6:00 pm.  She encountered White in the City's Waterside Garage office space (ground floor), located at 50 Martins Lane, Norfolk, Virginia.

10.     White approached Chaney grabbed her shoulders and said "You know, we got a permanent position opening. What are you willing to do for it?" He slid his hands down her chest and then grabbed and fondled her left breast and nipple.

11.     Chaney asked White: "What type of mess are you on?" Chaney then told White she had had enough of his continual harassment and was going to file a formal complaint against him.

12.     White had previously repeatedly touched Chaney on the breasts, shoulders and buttocks. He also repeatedly attempted to kiss Chaney on multiple occasions. He also expressly propositioned Chaney for sex on multiple occasions.

13.     Chaney was aware White had engaged multiple City employees in sexual relationships while at work. White had previously offered favored assignments and preferential treatment in exchange for sexual favors from multiple younger female parking attendants.

14.     On or about October 11, 2019 and subsequent days, Chaney formally reported White's conduct to several members of the City's management, including Monica Harrod ("Harrod") (Parking Supervisor), Theresa Jennings ("Jennings") (Assistant Director of General Services), Horace Mebane ("Mebrane") (Management Services Administrator – White's immediate supervisor), Nikki Riddick ("Riddick") (Director, General Services) and Wayne Green ("Green") (Director of Parking); all such individuals were above Plaintiff's supervisor's chain of authority.

15.     Chaney's immediate supervisor, Joanne Shepherd ("Shepherd"), knew of White's sexual harassment and abuse of parking employees. Shepherd continually assisted White in covering up these indiscretions. Accordingly, Chaney did not complaint about White directly to Shepherd.

16.     Jennings and Harrod both informed Chaney that an investigation would happen regarding her allegations concerning White's misconduct.

17. After hearing that she complained to management, White threatened Chaney, telling her he was a former police officer and as such he could and would make her life "a living hell."

18. Upon information and belief, on October 18, 2019, Green met with White (presumably) to address Chaney's allegations. White subsequently took a leave of absence from work until December 1, 2019 – when he submitted his retirement papers to the City, effective immediately.

19. Almost immediately after learning of Chaney's complaints about White, Shepherd accused Chaney of stealing from the City.

20. Shepherd's allegations against Chaney were unfounded.

21. Nonetheless, Chaney was left off the work schedule from October 2019 through February 2020. In February or March 2020, Chaney was informed that she had been furloughed. Since then, the City has not asked Chaney to return to work.

**Count I**
***Quid Pro Quo* Sexual Harassment in
Violation of Title VII, 42 U.S.C. § 2000e,** *et seq.*

22. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

*23.* Defendant has discriminated against Plaintiff by creating and maintaining a hostile work environment where an ongoing, severe or pervasive pattern of sexual harassment persisted in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*

24. Defendant's member of management (White), subjected Plaintiff to *quid pro quo* sexual harassment within said hostile work environment.

25. White used his authority throughout Plaintiff's employment to harass Plaintiff, and others, physically and emotionally.

26. White attempted to use his authority to make Plaintiff's assent and submission to his sexual advances a condition of her employment with Defendant.

27. When Plaintiff refused and rebuffed White's sexual advances, the City terminated her.

28. Defendant's *quid pro quo* sexual harassment of Plaintiff altered the conditions of her employment.

29. Defendant's conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

30. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered monetary and non-monetary damages including loss of back pay, loss of front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

## Count II
### Hostile Work Environment in
### Violation of Title VII, 42 USC 2000e. et seq.

31. Defendant discriminated against Plaintiff by subjecting her to disparate treatment, as well as terms and conditions of her employment relative to her gender.

32. Defendant, through its acts of management (White), harassed and mistreated Plaintiff because of her gender (female). This harassment and mistreatment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and created an abusive atmosphere.

33. Defendant's conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

34. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered monetary and non-monetary damages including loss of back pay, loss of front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

## Count III
## Retaliation in
## Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*

35. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

36. White, acting as a member of management for the City, used his authority to make Plaintiff's assent and submission to his sexual advances a condition of her employment with Defendant.

37. Plaintiff immediately rebuffed White's sexual advances. Plaintiff's opposition to White's sexual advances constitutes protected activity.

38. Plaintiff further engaged in protected activity when she reported White's conduct to multiple members of the City's management.

39. Defendant, constructively discharged Plaintiff (by refusing to further schedule her for work) in retaliation for engaging in protected activity.

40. Defendant's conduct was intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

41. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered monetary and non-monetary damages including loss of back pay, loss of front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dmika S. Chaney, prays for entry of judgment in favor of Plaintiff and against Defendant, The City of Norfolk, Virginia in the form of the following relief:

      a.      Back Pay;

      b.      Front Pay;

      c.      Compensatory Damages;

      e.      Interest;

      f.      Attorneys' fees and court costs associated with this suit; and

      g.      Other such relief as may be appropriate to effectuate the purpose of justice.

Date: April 9, 2021                      Respectfully submitted,

                                          DMIKA S. CHANEY

                                          __/s/_ Todd M. Gaynor_____
                                          Todd M. Gaynor, Esquire
                                          Virginia Bar No.: 47742
                                          GAYNOR LAW CENTER, P.C.
                                          440 Monticello Avenue, Suite 1800
                                          Norfolk, Virginia 23510
                                          PH: (757) 828-3739
                                          FX: (75) 257-3674
                                          EM: tgaynor@gaynorlawcenter.com

                                          *Counsel for Plaintiff*